IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| QUINTIN DROLLINGER<br><br>Plaintiff,<br><br>v.<br><br>JON BOWENS and<br>TRENT ANDERSON,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:14-cv-00295-DAK-EJF<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

On August 25, 2014, *pro se* Plaintiff Quintin Drollinger filed a Complaint against Jon Bowens, a Price City police officer, and Trent Anderson, the Helper City police chief, alleging violations of 42 U.S.C. § 1983.  (ECF No. 5.)  On October 14, 2014, Officer Bowens and Chief Anderson moved the Court[1] to dismiss Mr. Drollinger's Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  (ECF No. 8.)  Mr. Drollinger filed a response on October 22, 2014.  (ECF No. 10.)

On November 25, 2014, Mr. Drollinger served Officer Bowens and Chief Anderson his original Complaint again, (ECF Nos. 12, 13), "because of their lack of cooperation," (ECF No. 15.)  On December 16, 2014, Officer Bowens and Chief Anderson filed a nearly identical Motion to Dismiss.[2]  (ECF No. 14.)  Mr. Drollinger responded on December 29, 2014.  (ECF No. 15.) Mr. Drollinger also moved for default on December 29, 2014 because Officer Bowens and Chief Anderson responded to the Complaint a second time one day.  (ECF No. 16.)  On January 8,

---

[1] On September 10, 2014, Judge Dale A. Kimball referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 6.)
[2] Officer Bowens and Chief Anderson only added the first paragraph, explaining that Mr. Drollinger served them another complaint identical to the original Complaint.  (ECF No. 14.)

2015, Officer Bowens and Chief Anderson filed an Opposition to the Motion for Default Judgment.  (ECF No. 18.)

On June 5, 2015, Mr. Drollinger again filed a Motion for Default Judgment "[d]ue to failure to respond to any thing in over a year."  (ECF No. 21.)  On June 9, 2015, Mr. Drollinger requested a hearing.  (ECF No. 23.)  The Court has reviewed the submissions of the parties and determined it does not need oral argument on the motions.  D.U.Civ. R. 7–1(f).  Therefore, the Court DENIES the Motion for a Hearing (ECF No. 23).

Based on the Complaint, the Court RECOMMENDS the District Court dismiss the Complaint without prejudice and grant Mr. Drollinger leave to re-plead because he did not allege a cognizable claim under § 1983, and he failed to allege facts sufficient to overcome Officer Bowens and Chief Anderson's defense of qualified immunity.  Furthermore, the Court RECOMMENDS the District Cout deny Mr. Drollinger's Motions for Default Judgement because neither Officer Bowens nor Chief Anderson "failed to plead or otherwise defend" the case.

## STANDARD OF REVIEW

"[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[M]ere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice."  *Id.* (citation omitted).  Neither will "an unadorned, the-defendant-unlawfully-harmed me accusation" do.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "[A] plaintiff must offer specific facutal allegations to support each claim."  *Kan. Penn Gaming*, 656 F.3d at 1214 (citation omitted).  The allegations must also suffice "to

'raise a right to relief above the speculative level.'" *Id.* (citation omitted).  A complaint meets this standard when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, a court need not "accept as true a legal conclusion couched as a facutal allegation" when evaluating a complaint.  *Id.* (citation and internal quotation marks omitted).

Although the Court must construe Mr. Drollinger's filings liberally, *see*, *e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)), it cannot act as Mr. Drollinger's advocate and make legally cognizable arguments for him, s*ee*, *e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." (citation omitted)).  Even though the Court holds *pro se* pleadings "to a less stringent standard than formal pleadings drafted by lawyers," Mr. Drollinger must still "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (citations and internal quotation marks omitted).

A complaint "must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

To move for default judgment, the "party against whom a judgment for affirmative relief is sought [must have] failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).

## DISCUSSION

Even under a liberal construction, Mr. Drollinger's Complaint does not make out a cognizable claim under § 1983.  To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law caused a violation of the plaintiff's constitutional or federal statutory rights.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Based on the Court's reading of Mr. Drollinger's Complaint, none of his constitutional or federal statutory rights have been violated.  Mr. Drollinger's single cause of action claims Officer Bowens and Chief Anderson "verified falsley [sic] a report [Mr. Drollinger] was making," that "led to a long term incarseration [sic] and thousands of dollars [of] debt."  (Compl. 3–4, ECF No. 5.)  According to the facts pled in his Complaint, Mr. Drollinger reported to police officers his belief that he was under surveillance.  (*Id.* at 4.)  The officers first confirmed his belief then later denied ever speaking with Mr. Drollinger.  (*Id.*)  Although Mr. Drollinger claims he "ended up in jail for months includeing [sic] a mental facility," (*id.* at 5), he never explains how the incarceration and the debt relate to the alleged actions of the two defendants.

Moreover, Mr. Drollinger does not have a constitutional or federal statutory right to complete truthfulness from police officers.  *See*, *e.g.*, *Clanton v. Cooper*, 129 F.3d 1147, 1158 (10th Cir. 1997) (citations omitted) ("[L]ower courts have held confessions admissible when they were prompted by such misrepresentations as that the murder victim was still alive, that nonexistent witnesses have been found, that the murder weapon had been uncovered, that defendant's prints were found at the crime scene, and that an accomplice had confessed and implicated the defendant." (citations and internal quotation marks omitted)).  Thus, he has not made out a cognizable claim under § 1983.

4

Additionally, Mr. Drollinger did not overcome Officer Bowens and Chief Anderson's defense of qualified immunity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. __, 131 S. Ct. 2074, 2080 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Mr. Drollinger seeks only monetary compensation from the two officers individually for relief. (Compl. 6, ECF No. 5.) Thus if qualified immunity applies, the Court must dismiss the entire complaint.

"The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In other words, "in the light of pre-existing law the unlawfulness [of the official's actions] must be apparent." *Id.* (citations omitted). Because Mr. Drollinger has failed to allege facts tending to show a violation of his constitutional or statutory rights, as explained above, Mr. Drollinger failed to overcome Officer Bowens and Chief Anderson's defense of qualified immunity.

The Court recommends dismissing the Complaint without prejudice because the current Complaint contains so few facts that the Court cannot assure itself that amendment would prove futile.

Finally, Mr. Drollinger's Motions for Default Judgment must fail based on Federal Rule of Civil Procedure 55(a). Both Officer Bowens and Chief Anderson timely responded to Mr. Drollinger's Complaint the first time. (*See* ECF No. 8.) They also responded the second time, albeit a day late. (*See* ECF No. 14.) However, the second Complaint and Motion to Dismiss duplicate the first set. (*Compare* ECF No. 8 *with* ECF No. 14.) Because Officer Bowens and

5

Chief Anderson have "[pled] or otherwise defend[ed]" their case, the Court will not recommend granting Mr. Drollinger's Motions for Default Judgment.

## RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS the District Court dismiss Mr. Drollinger's Complaint without prejudice and grant Mr. Drollinger leave to re-plead. The Court further RECOMMENDS the District Court grant Mr. Drollinger thirty (30) days after entry of a decision on this Report and Recommendation to do so. Lastly, the Court RECOMMENDS the District Court deny Mr. Drollinger's Motions for Default Judgment.

The Court will send copies of this Report and Recommendation to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objection to this Report and Recommendation with the the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this _20th___ day of July, 2015.

                                        BY THE COURT:

                                        _____
                                        EVELYN J. FURSE
                                        United States Magistrate Judge